# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

In re:                                    )
                                          )
RODERICK WINDER                           )    Case No. 10-07070-TOM13
                                          )
    Debtor.                               )

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Mr. Roderick Winder's ("Debtor") Motion To Voluntarily Dismiss Chapter 13 Case. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 151, and 157(a) (1994) and the District Court's General Order Of Reference Dated July 16, 1984, As Amended July 17, 1984.[1] This is a core proceeding arising under Title 11 of the United States Code as defined in 28 U.S.C. § 157(b)(2)(A) and (K).[2] This Court has considered the pleadings and the law and finds and concludes as follows.

## FINDINGS OF FACT[3]

Debtor filed his voluntary petition for chapter 13 bankruptcy protection and his chapter

---

[1] The General Order of Reference Dated July 16, 1984, As Amended July 17, 1984 issued by the United States District Court for the Northern District of Alabama provides:

The general order of reference entered July 16, 1984 is hereby amended to add that there be hereby referred to the Bankruptcy Judges for this district all cases, and matters and proceedings in cases, under the Bankruptcy Act.

[2] 28 U.S.C. §157(b)(2)(A) and (K) provide:
(b)(2)Core proceedings include, but are not limited to–
(A) matters concerning the administration of the estate;

[3] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court may take judicial notice of the contents of its own files. *See ITT Rayonier, Inc. v. U.S.*, 651 F.2d 343 (5th Cir. Unit B July 1981); *Florida v. Charley Toppino & Sons, Inc.*, 514 F.2d 700, 704 (5th Cir. 1975).

13 plan ("Plan") on December 2, 2010. Debtor's Plan proposes to pay all of Debtor's monthly disposable income - $297.00 - per month for 60 months for a total payout of $17,820.00. Debtor's Plan provides a 0% dividend to general unsecured creditors and promises to pay all future tax refunds to the standing Chapter 13 Trustee. On March 31, 2011, the Court held a hearing on confirmation of Debtor's Plan. On April 18, 2011, the Court entered a confirmation order ("Confirmation Order") which provides that Debtor shall make monthly payments of $873.00[4] directly to the Standing Chapter 13 Trustee, D. Sims Crawford. The Confirmation Order further provides that Debtor:

---

[4]On January 24, 2011, Charles King, Assistant Trustee, filed a Trustee's Objection To Confirmation And Motion To Dismiss. Mr. King asserted that Debtor's Plan payments would have to be increased to $873.00 per month for 60 months in order to provide payment for a mortgage debt owed to Goldman Sachs Mortgage with a 0% dividend to general unsecured creditors. According to Mr. King, Debtor was not in a position to make these payments in view of his available monthly disposable income of $297.00; therefore, Debtor's case was due to be dismissed. The Trustee's Objection To Confirmation And Motion To Dismiss were subsequently withdrawn after Litton Loan Servicing, LP, servicer of the mortgage held by Goldman Sachs Mortgage, withdrew its proof of claim on March 16, 2011. After this Court confirmed Debtor's Plan at $873.00 per month, Debtor's counsel filed an "Order Sustaining Objection To Claim" ("Order") on April 27, 2011 in which he asserted that Claim 2-1, the claim Litton Loan had previously filed then subsequently withdrew, was due to be disallowed in its entirety because that debt had been discharged in a prior chapter 7 bankruptcy case. The Clerk of the Court entered a Notice of Deficient Filing or Incorrect Event on April 28, 2011 which notes that Order filed by Debtor's counsel needed to be corrected and re-filed with the Court within 2 business days. Debtor's counsel did not comply with this requirement. Debtor's counsel subsequently filed a "Motion To Modify Confirmed Plan" on May 5, 2011 in which he requested a decrease of Debtor's monthly payments to $297.00 per month. On the same day, the Court entered an Order denying this motion based on Debtor's counsel's failure to respond to the deficiency notice the Clerk's office entered on April 28, 2011. The Court did, however, provide in this Order that it would consider this motion if Debtor's counsel properly and timely submits an order which complies with the Clerk's April 28, 2011 notice of deficiency.

> shall remit all post-petition Federal income tax refunds to the Trustee. It is further Ordered, within 14 days of filing all post-petition income tax returns; the Debtors shall provide a courtesy copy of those returns to the Chapter 13 Trustee only. In the event the Debtors are due a tax refund, the Debtors shall and the Trustee may move to modify the confirmed plan to increase the pot or percentage available to unsecured creditors.

Doc. 52.

On May 17, 2011, the Chapter 13 Trustee filed a Motion To Compel in which the Trustee requested this Court to compel Debtor's production of his 2010 income tax return as required by the Confirmation Order. A hearing was set on this motion for June 23, 2011. Before the hearing, on June 22, 2011, Debtor's counsel filed Debtor's 2010 income tax return with the Court. Counsel for Debtor should know after years of practice in this Court that filing tax returns in the Court's electronic filing system is a restricted entry and non-court users (like the Trustee) cannot access or see the document. It appears that counsel failed to provide the return to the Trustee. This income tax return, which was prepared in January 2011, reflects that Debtor was scheduled to receive a $4,149.00 tax refund from the IRS. Appearing at the June 23 hearing were Debtor's counsel, Mr. George Babakitis, and Trustee's staff attorney, Ms. Mary Frances Fallaw. The Debtor was not present at this hearing. During this hearing, the Court directed Debtor's counsel to provide the Trustee with a copy of Debtor's 2010 income tax return by June 28, 2011. The Court entered an Order to this effect on June 24, 2011. On June 28, 2011, Debtor's counsel filed a "Motion To Voluntarily Dismiss Chapter 13 Case" ("Motion") in which he asserted that Debtor cannot proceed with this chapter 13 case due to "financial hardship." As far as this Court knows, Debtor's counsel failed to provide the Trustee a copy of Debtor's 2010 tax return as ordered by this Court.

## CONCLUSIONS OF LAW

The language of 11 U.S.C. § 1307(b) makes it clear that a chapter 13 debtor has an absolute right to seek and secure the dismissal of her chapter 13 case, provided the case has not already been converted to another chapter of the Bankruptcy Code:

> On request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable.

11 U.S.C. § 1307(b). Debtor in this case has not converted her chapter 13 case to another chapter under the Bankruptcy Code. Therefore, Debtor has the right to seek and secure the dismissal of her chapter 13 case.

The Court notes, however, that the dismissal of Debtor's case at his request does not prevent this Court from imposing consequences on Debtor for his failure to abide by the Confirmation Order and this Court's order dated June 24, 2011. Section 109(g)(1) of the Bankruptcy Code provides that

> (g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if - (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case . . . .

11 U.S.C. § 109(g)(1).

The Debtor failed to comply with this Court's order dated June 24, 2011, which granted the Trustee's Motion To Compel and required Debtor to provide a copy of his 2010 tax return to the Trustee by June 28, 2011. Additionally, Debtor received over $4,000.00 from the IRS in the form of a tax refund but failed to remit the proceeds of this refund to the Trustee as required by

4

the Confirmation Order.  Debtor's failure to remit these funds was a failure to abide by this Court's order, and Debtor presumably spent these funds despite the fact that none of his unsecured creditors in this case will receive a penny.  While Debtor's chapter 13 case is being dismissed at Debtor's request, the case was due to be dismissed based on Debtor's failure to comply with this Court's orders: 1) the Confirmation Order which required Debtor to provide his tax returns to the Trustee and to pay his refund into the case; and 2) the Court's order dated June 24, 2011, which granted the Trustee's Motion To Compel and required Debtor to provide a copy of his 2010 tax return to the Trustee by June 28, 2011.

The Court grants Debtor's Motion; however, based on Debtor's conduct as outlined above, the Court finds it appropriate to bar Debtor from filing another bankruptcy for a period of 180 days pursuant to 11 U.S.C. § 109(g).

Now therefore, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1)  Debtor's Motion is **GRANTED**;

2)  Debtor is barred from filing another bankruptcy case for a period of 180 days; and

3) The Clerk's office is directed 1) that if Debtor attempts to file a case pro se during the 180 days, it shall be rejected, and 2) if a case is filed by this Debtor within the 180 days, it shall be set for show cause why it should not be dismissed.

Dated: July 1, 2011.

/s/ Tamara O. Mitchell
United States Bankruptcy Judge

TOM: rdt

xc:    George Babakitis, counsel for Debtor
        D. Sims Crawford, Standing Chapter 13 Trustee

6